IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

APRIL S. WALDEN; MAHLEEK M. RAWLINS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, and UNITED KINGDOM,

    Defendants.

No. 3:25-CV-00494-AB

OPINION AND ORDER

**BAGGIO, District Judge**:

Pro se Plaintiff April S. Walden[1] has filed a complaint against Defendants "United States of America/50-States" and "United Kingdom/Entire Country," Compl., 2[2], and seeks leave to proceed in forma pauperis, ("Appl. For Leave to Proceed IFP", ECF 2). Plaintiff has established that she has minimal income and assets. Accordingly, the Court grants her application for leave to proceed in forma pauperis. As explained below, however, the Court dismisses her complaint without leave to amend.

---

[1] Plaintiff also appears to name Mahleek M. Rawlins as a plaintiff. Complaint ("Compl.", ECF 1), 1. Because it is well settled that pro se plaintiffs cannot represent other parties, to the extent Plaintiff asserts claims on behalf of Mahleek M. Rawlins, the Court dismisses these claims. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."); *see also Johns v. Cnty of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (dismissing a pro se plaintiff's complaint because a parent cannot bring suit in federal court on behalf of a minor without first retaining an attorney).

[2] The pagination for the complaint refers to the CM/ECF pagination at the top right.

OPINION AND ORDER - 1

**LEGAL STANDARDS**

Under the in forma pauperis statute, a court may at any time, including before service of process, dismiss a complaint filed in forma pauperis "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § 1915 (e)(2)(B) are not limited to prisoners"). The statute gives the district court the power to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Section 1915(e) allows a district court to dismiss an in forma pauperis complaint that fails to state a claim but that has "curable defects" with leave to amend. *Lopez*, 203 F.3d at 1130. And the general rule is that a district court should grant leave to amend even if no request to amend was made unless it determines that it is impossible to cure the pleading defects. *See id.*; Fed. R. Civ. P. 15(a).

**DISCUSSION**

Plaintiff alleges that her rights have been violated under "[t]he Articles of Confederation, the United States Constitution, the Amendments, the oath, the peace treaties, the Nobel Peace Prize, and obstruction of Justice against the Lady of Liberty" because her former actions were "rejected by Clerks of the Court of the Mark O'Hatfield Courthouse in Portland, Oregon."

Compl., 6. In her complaint, Plaintiff recounts the events that formed the basis of her prior complaints against Providence Health & Services, *see Walden v. Providence Health & Services*, 3:19-cv-01717-AC; *Walden v. Hernandez*, 3:24-cv-01707-AB, and asks "the Court for a Constitutional Investigation" of these claims. Compl. 6-7. Plaintiff further describes her complaint filed against the Department of Children & Family Services, *see id*. at 10 (citing *Walden v. Dept. of Children & Family Services*, 2:24-CV-0570-ODW-AJRX), and alleges that this complaint was "illegally dismissed without a Federal Investigation." *Id*. at 13. Plaintiff seeks as relief "personal injury and pain & suffering at state, city, and county level." *Id*. at 4. As discussed below, the Court finds Plaintiffs' allegations "clearly baseless," *Denton*, 504 U.S. at 33, and dismisses her complaint without leave to amend.

### A. Plaintiff Fails to State a Claim Against the United States, and Even if Plaintiff did State a Claim Against the United States, Sovereign Immunity Bars the Claims

First, Plaintiff names the "United States of America/50-States" as a defendant and alleges that her prior actions in federal court were "rejected by the Clerks of the Court," and "illegally dismissed." Compl., 2, 13. She appears to claim that she was injured by the alleged illegal dismissal of her prior complaints. *Id*. at 13. A judicial act—including the dismissal of a claim—that is taken by a judge within their jurisdiction cannot form the basis of a viable claim. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (finding that judges are immune from liability for judicial acts taken within their jurisdiction); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (same). Because Plaintiff does not plead any other facts sufficient to enable the Court to draw a reasonable inference that the United States, through the actions of the United States District Court, violated her constitutional rights, the Court finds that Plaintiff's complaint fails to state a claim against the United States. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 971-72 (9th Cir.

OPINION AND ORDER - 3

2009) (concluding that a plaintiff's complaint fails to plead facts sufficient to allege a constitutional right violation, which is required by *Bivens*); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading "show[] that the pleader is entitled to relief"). Moreover, even if Plaintiff's complaint stated a claim against the United States, sovereign immunity would bar the claim. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Accordingly, Plaintiff's claims against the United States are "clearly baseless" and must be dismissed. *Denton*, 504 U.S. at 33.

  **B. Plaintiff Fails to State a Claim Against the United Kingdom, and Even if Plaintiff Did State Claims Against the United Kingdom, Foreign Sovereign Immunity Bars the Claim**

  Plaintiff also names the United Kingdom as a defendant in her complaint. Compl., 2. Nowhere in Plaintiff's complaint, however, does she allege that the United Kingdom violated her rights. *See generally* Compl. Without facts sufficient to enable the Court to draw a reasonable inference that the United Kingdom violated her constitutional rights, the Court finds that Plaintiff's complaint also fails to state a claim against the United Kingdom. *See Moss*, 572 F.3d at 971-72; Fed. R. Civ. P. 8(a)(2). Further, even if Plaintiff could state a claim against the United Kingdom, her claims would be barred by foreign sovereign immunity. *See* 28 U.S.C.A. § 1604 ("Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States[.]"). As such, Plaintiff's claims against the United Kingdom are "clearly baseless" and must also be dismissed. *Denton*, 504 U.S. at 33.

  **C. Plaintiff's Complaint Should be Dismissed with Prejudice**

  The Court is mindful that dismissal with prejudice, especially of a pro se plaintiff's complaint, is generally disfavored. *Lopez*, 203 F.3d at 1130–31. As detailed above, however,

after careful consideration, the Court is convinced that the facts alleged in Plaintiff's complaint are "clearly baseless." *Denton*, 504 U.S. at 32. Specifically, Plaintiff's claims against the United States are barred by sovereign immunity, *see F.D.I.C.,* 510 U.S. at 475, and her claims against the United Kingdom are barred by foreign sovereign immunity, *see* 28 U.S.C.A. § 1604. The Court therefore finds that "it is absolutely clear that no amendment can cure the defect[s]" in her current complaint. *Cf. Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## CONCLUSION

Plaintiff's in forma pauperis application, [2], is GRANTED, and her Complaint, [1], is DISMISSED without leave to amend.

IT IS SO ORDERED.

DATED this __4th__ day of April, 2025.

                                                 /s/ Amy M. Baggio
                                                 Amy M. Baggio
                                                 United States District Judge